Johanna MARESH, as Next Friend
of Regina MARESH, Plaintiff,

v.

Tommy G. THOMPSON, Secretary,
Department of Health and Human
Services, Defendant.

No. CIV. 3:03–CV–1018–H.

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 3, 2003.

Arthur John Brender, Law Office of Art Brender, Schoonover House, Fort Worth, TX, for Plaintiff.

Katherine Savers McGovern, U.S. Attorney's Office, Department of Justice, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court are Defendant's Motion to Dismiss, filed August 11, 2003; Plaintiff's Response to Defendant's Motion to Dismiss, filed September 30, 2003; and Defendant's Reply to Plaintiff's Response to Motion to Dismiss, filed October 15, 2003. For the following reasons, Defendant's motion to dismiss is **GRANTED** for lack of subject matter jurisdiction, and the case is **DISMISSED** without prejudice.

## I. Background

On May 14, 2003, Plaintiff Johanna Maresh, as next friend of Regina Maresh ("Maresh"), filed the instant suit against Defendant Tommy G. Thompson, Secretary of the Department of Health and Human Services, in his capacity as the official responsible for enforcing the Medicare Secondary Payer Act ("MSPA"). (P.'s Compl. at 1, 2.) Plaintiff alleges that Defendant violated the Due Process Clause of the Fifth Amendment when Defendant invoked the MSPA to seek and obtain reimbursement from Maresh for certain Medicare payments that Defendant had made on Maresh's behalf. (*Id.* at 8.)

On or about November 13, 1998, Maresh suffered severe brain damage when medical personnel at Harris Methodist–Fort Worth Hospital administered an overdose of Demerol following gallbladder surgery. (*Id.* at 3.) Medicare paid for treatment that Maresh received as a result of the overdose. (*Id.* at 3–4.) Maresh then filed a personal injury lawsuit against the hospital and medical personnel, which lawsuit eventually resulted in settlement payments of $370,000 and $325,000 in April 2002 and October 2002, respectively. (*Id.* at 7, Ex. B, Ex. C.) On April 12, 2002, the Health Care Financing Administration, now known as the Centers for Medicare and Medicaid Services ("CMS"), notified Maresh that, due to the settlement of her lawsuit, the MSPA required Maresh to reimburse Medicare for approximately $77,381.59. (*Id.* at 4, Ex. A; D.'s Br. at 3 n.3.) Pursuant to an agreement signed by Maresh in July 2002 and by CMS in October 2002, Maresh reimbursed Medicare in the amount of $24,901.07 as payment in full under the MSPA. (P.'s Compl. at 4, Ex. B.) The agreement also provided that Maresh "waives any administrative or judicial appeal rights." (*Id.* at Ex. B.)

On December 17, 2002, the Fifth Circuit Court of Appeals decided the case of *Thompson v. Goetzmann*, 315 F.3d 457 (5th Cir.2002). Although the Fifth Circuit amended that decision on July 7, 2003, *see Thompson v. Goetzmann*, 337 F.3d 489 (5th Cir.2003), Plaintiff contends that the *Goetzmann* line of cases prohibits Defendant from invoking the MSPA to seek and obtain reimbursement of Medicare payments from a settlement in a personal injury lawsuit. (P.'s Resp. at 1–2.) Accordingly, without first pursuing any administrative remedy, Plaintiff filed the instant suit in this Court to recover the $24,901.07 that Maresh had paid to Medicare as reimbursement under the MSPA. (P.'s Compl. at 7, 13.) Defendant now moves to dismiss the suit for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (D.'s Br. at 11, 25.)

## II. Analysis

With respect to subject matter jurisdiction, Defendant contends, *inter alia,* that the Medicare Act precludes federal question jurisdiction under 28 U.S.C. § 1331. (D.'s Br. at 11, 20.) The Court agrees. Plaintiff's only basis for subject matter jurisdiction in this case is § 1331.[1] (P.'s Compl. at 1.) It is well established that § 1331 does not confer subject matter jurisdiction in actions, such as this, that arise under the Medicare Act:

> No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h); 42 U.S.C. § 1395ii. The instant action clearly arises under the Medicare Act. The underlying issue in this case is whether Medicare paid more for Maresh's medical care than it was required to pay in light of the settlement Maresh received from her personal injury lawsuit. Pursuant to 42 C.F.R. § 405.704(b)(13), any issue "having a present or potential effect on the amount of benefits to be paid under part A of Medicare, including a determination as to whether there has been an overpayment or underpayment of benefits paid under part A," is committed to

---

1. Although Plaintiff's Complaint claims subject matter jurisdiction pursuant to both § 1331 and § 1346, Plaintiff's Response specifically states that jurisdiction pursuant to § 1346 will not be pursued. (P.'s Resp. at 3. n.1.)

the Secretary for an initial determination. 42 C.F.R. § 405.704(b)(13). Accordingly, the instant case arises under the Medicare Act such that § 1331 jurisdiction is precluded.

As a final matter, the Court recognizes Plaintiff's contention that § 1331 jurisdiction is proper because Defendant's actions pursuant to the MSPA were unconstitutional.[2] (P.'s Resp. at 21–22.) This contention is without merit. Although Plaintiff relies on the cases of *Harris v. McRae*, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), and *Mathews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), *Harris* and *Mathews* involved challenges to the constitutionality of *statutes*, not challenges to the constitutionality of administrative *actions*. *See Harris*, 448 U.S. at 301, 100 S.Ct. 2671 ("The constitutional question … is whether the Hyde Amendment, by denying public funding for certain medically necessary abortions, contravenes the liberty or equal protection guarantees of the Due Process Clause of the Fifth Amendment, or either of the Religion Clauses of the First Amendment."); *Mathews*, 426 U.S. at 69, 96 S.Ct. 1883 ("The question presented by the Secretary's appeal is whether Congress may condition an alien's eligibility for participation in a federal medical insurance program on continuous residence in the United States for a five-year period and admission for permanent residence."). In the instant case, Plaintiff challenges the constitutionality of Defendant's *actions*, not the constitutionality of the MSPA itself. (P.'s Resp. at 21.) Thus, because CMS is competent to correct Defendant's alleged unconstitutional actions, especially with the benefit of recent Fifth

Circuit precedent, Plaintiff must exhaust her administrative remedies before seeking judicial review in this Court. *See Schweiker v. Chilicky*, 487 U.S. 412, 424, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (noting that claims alleging unconstitutional conduct must be administratively exhausted); *Moore v. City of East Cleveland, Ohio*, 431 U.S. 494, 527, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (holding that "so long as favorable administrative action is still possible, the policies favoring exhaustion are not mitigated in the slightest by the presence of a constitutional issue"); *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 477 (5th Cir.1997) (recognizing an exception to the requirement of administrative exhaustion where "the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy"). Accordingly, because Plaintiff has failed to articulate why this case should be excused from the requirements of administrative exhaustion, Plaintiff cannot invoke § 1331 as the basis for this Court's jurisdiction.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** for lack of subject matter jurisdiction, and the case is **DISMISSED** without prejudice.

SO ORDERED.

---

2. Plaintiff also appears to contend that requiring administrative exhaustion in this case would be futile. (P.'s Resp. at 22.) This argument is without merit. It is not disputed that Plaintiff has failed to exhaust her administrative remedies. Thus, Plaintiff has failed to give CMS an opportunity to apply the recent *Goetzmann* line of cases in a manner consistent with Plaintiff's interpretation of those cases.