NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM DEAN CARPENTER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5014

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00836-TCW, Judge Thomas C. Wheeler.

---

Decided: February 6, 2015

---

WILLIAM DEAN CARPENTER, Oklahoma City, OK, pro se.

DAVID ALAN LEVITT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before TARANTO, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

William D. Carpenter, a former federal prisoner, filed suit in the United States Court of Federal Claims, naming the United States and various current and former federal officers as defendants and seeking damages and a declaration that his incarceration was invalid. Because the Court of Federal Claims properly determined that it did not have jurisdiction to adjudicate Mr. Carpenter's claims, we affirm.

## BACKGROUND

In his complaint, Mr. Carpenter alleged that his confinement following a guilty plea was unlawful because Congress failed to comply with various provisions of Article I of the U.S. Constitution when it passed 18 U.S.C. § 3231, which grants United States district courts exclusive jurisdiction over federal offenses. Mr. Carpenter also alleged that his confinement violated the Fifth, Eighth, Ninth, and Tenth Amendments to the Constitution.

The Court of Federal Claims held that it lacked subject-matter jurisdiction over the claims. It concluded that the constitutional provisions invoked by Mr. Carpenter are not money-mandating, as would be required here for jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). It also concluded that Mr. Carpenter's allegations did not meet the standards for invoking the court's jurisdiction under 28 U.S.C. § 1495, which covers certain damages claims based on unjust conviction and imprisonment.

Mr. Carpenter timely appeals. 28 U.S.C. § 1295(a)(3) grants us jurisdiction over his appeal.

## DISCUSSION

Every complaint must satisfy jurisdictional requirements. *See Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at

all in any cause."). We review de novo the dismissal of Mr. Carpenter's case for lack of subject-matter jurisdiction. *Allustiarte v. United States*, 256 F.3d 1349, 1351 (Fed. Cir. 2001). We take as true all undisputed facts alleged and draw all reasonable inferences in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). We hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

Here, Mr. Carpenter invoked the Tucker Act to support jurisdiction in the Court of Federal Claims. That Act is limited to claims against the United States based on sources of law that mandate monetary relief. *See United States v. Navajo Nation*, 556 U.S. 287, 289–90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. . . . [T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

Mr. Carpenter's claims are outside the Tucker Act. The sources of substantive law he relies on cannot be fairly interpreted as mandating compensation by the Federal Government for damage caused by their alleged violation. *See, e.g.*, *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment is not money mandating); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth Amendment's Due Process Clause is not money mandating).

Although Mr. Carpenter's complaint does not cite 28 U.S.C. § 1495 as a basis for his claims, the Court of Federal Claims also considered whether that statute gave it jurisdiction over this case. The court correctly concluded

that § 1495 does not apply here. Section 1495 gives the Court of Federal Claims "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." But 28 U.S.C. § 2513 states requirements for such a suit, making clear that the Court of Federal Claims may not itself review the conviction and imprisonment. The plaintiff must show that "[h]is conviction has been reversed or set aside on the ground that he is not guilty . . . or that he has been pardoned." *Id.* § 2513(a)(1). "Proof of the requisite facts shall be by a certificate of the court or pardon . . . and other evidence thereof shall not be received." *Id.* § 2513(b). Mr. Carpenter submitted neither a court-issued certificate that his conviction has already been reversed or set aside nor proof of a presidential pardon. The Court of Federal Claims therefore properly dismissed his claims. That result follows directly from sections 1495 and 2513, and it accords with the general principle that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)

CONCLUSION

For those reasons, we affirm the decision of the Court of Federal Claims.

No costs.

**AFFIRMED**