NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT B. MILGROOM, NADA MARTL,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5145

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00193-MBH, Judge Marian Blank Horn.

---

Decided:  June 10, 2016

---

ROBERT B. MILGROOM, Miami Beach, FL, pro se.

NADA MARTL, Miami Beach, FL, pro se.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before PROST, *Chief Judge*, PLAGER and LOURIE,
*Circuit Judges*.

PER CURIAM.

Robert B. Milgroom ("Milgroom") and Nada Martl
("Martl") (collectively, "the Appellants") appeal from the
decision of the United States Court of Federal Claims
("the Claims Court") dismissing their complaint for lack of
subject matter jurisdiction. *See Milgroom v. United
States*, 122 Fed. Cl. 779 (2015). Because the Claims Court
did not err in dismissing the complaint, we *affirm*.

## BACKGROUND

### I

In 1987, Mary Valvanis, John Valvanis, and George
Valvanis (collectively, "Valvanis") filed a lawsuit against
Milgroom in the Superior Court for the County of Norfolk,
Massachusetts, alleging that Milgroom "illegally used his
influence as an attorney and certified public accountant
for the Valvanis Family business . . . to divert to his own
benefit monies raised by the mortgaging of and sale of the
company assets." Def.-Appellee's App. ("D.A.") 173–74,
222. In October 2005, the state court entered default
against Milgroom after he failed to appear for a final
pretrial conference or otherwise participate in the action.
*Id.* at 174–75, 223. The state court awarded Valvanis
close to $4 million in damages in 2007. *Id.* at 175, 224.

On July 11, 2005, Milgroom filed a bankruptcy peti-
tion in the United States Bankruptcy Court for the Dis-
trict of Hawaii. *Id.* at 43–44. Prior to filing that petition,
Milgroom married Martl in 2001 and transferred millions
of dollars in cash and other assets to Martl, who then filed
for divorce. *Id.* at 176–82, 224–27. Martl held the trans-
ferred funds in a foreign bank account and supported
Milgroom financially even after their divorce was final-
ized on June 28, 2005. *Id.*

Valvanis did not learn of Milgroom's bankruptcy filing until November 2005. *Id.* at 68–69, 71. On May 12, 2006, the bankruptcy court found Milgroom in contempt of court, imposed sanctions against him, granted immediate relief to Valvanis from the automatic bankruptcy stay *nunc pro tunc* as of July 11, 2005, and authorized Valvanis to pursue or continue litigation against Milgroom in any state or Federal court. *Id.* at 67–84. The bankruptcy court then entered final judgment dismissing the bankruptcy case with prejudice. *Id.* at 86–87. Milgroom did not appeal from the bankruptcy court's final judgment.

In March 2006, Valvanis filed a complaint against Martl in the United States District Court for the District of Hawaii. *Valvanis v. Martl*, No. 06-00144 (D. Haw. filed Mar. 10, 2006) ("*Valvanis*"); D.A. 94. On May 23, 2006, Valvanis filed a first amended complaint ("FAC") adding Milgroom as a defendant. D.A. 95. Valvanis alleged that Milgroom and Martl sought to evade Milgroom's creditors by using Milgroom's money to purchase real property located at 253 Pu'uikena Drive, Honolulu, Hawaii ("the Hawaii property") for $5.2 million in cash, transferring that property and other assets to Martl for no consideration, and then filing for divorce and releasing Milgroom's interest in the Hawaii property. Valvanis thus asserted an equitable interest in the Hawaii property.

In December 2007, the clerk of the district court entered default against Martl for her failure to answer or otherwise plead to the FAC. *Id.* at 185, 230. Valvanis then filed a second amended complaint ("SAC") against Milgroom. In December 2008, the district court entered default against Milgroom on the SAC for his willful violations of numerous court orders and rules. *Id.* at 186, 232.

In June 2009, the district court granted Valvanis' motions for entry of default judgment against Milgroom and against Martl. *Id.* at 171–258. The court then entered final judgment. *Id.* at 260–63. The court awarded dam-

ages to Valvanis to the extent that they had not been fully recovered in the Massachusetts action, as well as punitive damages against Milgroom. The court imposed a constructive trust on the Hawaii property and all assets in that property for the benefit of Valvanis, and directed a court-appointed receiver to oversee the sale of that property to satisfy the judgment. Later in 2009, the receiver sold the Hawaii property at an auction to a third-party private entity and provided the net proceeds to Valvanis. *Id.* at 264–67. Neither Milgroom nor Martl appealed from the district court's final judgment.

## II

On March 2, 2015, Milgroom and Martl jointly filed a complaint against the United States in the Claims Court, which gave rise to the present appeal. In their complaint, they alleged that the district court violated the Fourth, Fifth, and Tenth Amendments to the United States Constitution by entering a civil judgment against them in *Valvanis*, which resulted in the sale of the Hawaii property, notwithstanding the automatic bankruptcy stay. *Id.* at 32–42. They requested money damages for the alleged taking of their real and personal properties without just compensation. *Id.* The government moved to dismiss for lack of subject matter jurisdiction. The Claims Court granted the motion and dismissed the suit for lack of jurisdiction. *Milgroom*, 122 Fed. Cl. at 803.

First, the Claims Court found that Martl had previously filed two complaints against the United States in the Claims Court alleging the same claims based on the alleged taking of the Hawaii property by the district court, and that the Claims Court had dismissed those complaints for lack of subject matter jurisdiction. *Id.* at 790–91. The court concluded in this case that Martl was barred by claim preclusion and issue preclusion from bringing her claims for a third time. *Id.* at 792–96. Because Milgroom was not a party in the two prior law-

suits filed by Martl, the court concluded that his claims were not barred by preclusion. *Id.* at 796.

But the Claims Court analyzed Milgroom's and Martl's claims collectively and concluded that it lacked jurisdiction over all of the claims regardless of claim or issue preclusion. *Id.* Specifically, the court dismissed the constitutional claims based on the Fourth Amendment, the due process component of the Fifth Amendment, and the Tenth Amendment, because it is well-established that those provisions are not money-mandating. *Id.* at 800–01. The court also concluded that it lacked jurisdiction to review the alleged taking by the district court because review of such a judicial takings claim would require the Claims Court to scrutinize the merits of district court and bankruptcy court decisions, a task it is without authority to undertake. *Id.* at 801–02.

Finally, the Claims Court found the complaint to be "frivolous" and barred further filings based on the same subject matter absent approval by the court. *Id.* at 803.

The Appellants timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Claims Court's decision to dismiss for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements," *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

The Appellants argue that the district court effected an unconstitutional taking of the Hawaii property and its

contents by supervising the sale of that property "to an entity that wanted to convert the Property into a small vacation resort . . . , which would benefit that part of Hawaii by creating jobs and improving the economy." Pls.-Appellants' Br. 1, 3, 6, 10, 12, 16, 17–18, 22, 23, 31, 32. They challenge the validity of the district court's judgment, arguing that Valvanis failed to state a valid claim, that Valvanis filed their complaint and amended complaints in violation of the automatic bankruptcy stay, that the district court lacked jurisdiction over Valvanis' claims, and that the district court improperly ordered the sale of the Hawaii property owned by Martl to satisfy Milgroom's debt. They also question the validity of the Massachusetts state court's judgment. But they contend that they did not request the Claims Court to review a district court or bankruptcy court judgment. They allege violations of due process and other constitutional provisions. Finally, Martl also argues that her claims in this case were not barred by claim or issue preclusion.

The government responds that the Claims Court correctly determined that it did not possess jurisdiction to entertain the claims asserted by the Appellants for alleged violations of constitutional provisions that are not money-mandating and for review of district court and bankruptcy court judgments. The government also responds that the Appellants' argument is based on a faulty premise that the automatic bankruptcy stay somehow deprived the district court of jurisdiction to enter a judgment in 2009, when the dockets of those cases demonstrate that no action was filed against Milgroom until after the bankruptcy court lifted the stay.

We agree with the government that the Claims Court lacked jurisdiction. The Claims Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Congress created the Claims Court "to permit a special and limited class of cases to proceed against the United States," and the Claims Court "can

take cognizance only of those [claims] which by the terms of some act of Congress are committed to it." *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (alteration in original) (citations and internal quotation marks omitted). The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). Here, the Claims Court correctly determined that none of the Appellants' claims were tied to money-mandating statutes or provisions of law or any contract with the United States, thus depriving the Claims Court of jurisdiction over their claims.

Specifically, the Claims Court correctly dismissed the Appellants' constitutional claims based on the Fourth Amendment, the Due Process Clause of the Fifth Amendment, and the Tenth Amendment. Such claims are not tied to money-mandating sources of law, and the Claims Court does not possess jurisdiction to entertain them. *Brown*, 105 U.S. at 623–24 (Fourth Amendment); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (Fifth Amendment due process); *Carpenter v. United States*, 603 F. App'x 935, 937 (Fed. Cir. 2015) (Tenth Amendment); *Fry v. United States*, 72 Fed. Cl. 500, 508 (2006) ("Nothing in the language of [the Tenth Amendment] 'can fairly be interpreted as mandating compensation by the Federal Government . . . .'" (quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983))); *see also Milgroom*, 122 Fed. Cl. at 800–01 (collecting cases).

Likewise, the Claims Court correctly dismissed the remaining judicial takings claims. While the Claims Court does possess jurisdiction to consider certain takings claims under the Fifth Amendment, it may only exercise that jurisdiction when the claimant "concede[s] the validity of the government action which is the basis of the

taking claim to bring suit under the Tucker Act." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed. Cir. 1993). Here, the Appellants challenge the validity of the district court's judgment, which forms the basis of their takings claim.

Moreover, as we have explained, the Claims Court does not possess jurisdiction to review the judgments of district courts and bankruptcy courts. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352–53 (Fed. Cir. 2015) (district court); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (bankruptcy court); *see also Milgroom*, 122 Fed. Cl. at 801–02 (collecting cases). The Appellants attempt to couch their allegations in terms of a Fifth Amendment taking by the district court, but the Claims Court could not review those allegations without second-guessing the merits of the district court and bankruptcy court decisions. Thus, the true nature of the Appellants' claims is a collateral attack on the final judgments of the district court and bankruptcy court. The Claims Court does not possess jurisdiction to entertain them. *Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1380 (Fed. Cir. 2006) ("Regardless of a party's characterization of its claim, we look to the true nature of the action in determining the existence or not of jurisdiction.") (internal quotation marks and citation omitted).

We have considered the Appellants' remaining arguments and conclude that they are without merit. Accordingly, the Claims Court did not err in concluding that it lacked jurisdiction over all of the Appellants' claims. In light of our resolution of this appeal on jurisdictional grounds, we need not address the preclusion grounds of the Claims Court's decision.

## CONCLUSION

For the foregoing reasons, the decision of the Claims Court is affirmed.

**AFFIRMED**