NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FAITH LYNN BRASHEAR,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-2405

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01052-MBH, Senior Judge Marian Blank Horn.

_____

Decided: June 10, 2019

_____

FAITH LYNN BRASHEAR, San Diego, CA, pro se.

DANIEL KENNETH GREENE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before WALLACH, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Faith Lynn Brashear sued Appellee United States ("Government") in the U.S. Court of Federal Claims. S.A. 5–54 (Complaint).[1] Ms. Brashear sought "to address the abusive tax matter partnership interests which arose of the undisclosed patented trademark mortgage system called the Mortgage Electronic Registration System Inc[.]," S.A. 7 (capitalization modified), and stylized the complaint "in admiralty," S.A. 5 (capitalization modified). The Court of Federal Claims dismissed the Complaint, holding that the court lacked subject-matter jurisdiction to entertain it. *In Unity with The League of Fraudulently Dispossessed Homeowners Holding Special Appearance by Faith Minister Faith Lynn Brashear In Admiralty "The League's" Trust Guardian as Implied Ipso Facto Defacto in Law Authorized Agent Ordained Faith Lynn Brashear Property of the Social Security Administration Implied Faith on Behalf of the Internal Revenue Service In Re: Executive Order 12/21117 v. United States*, No. 18-1052C (Fed. Cl. July 19, 2018) (S.A. 2); *see* S.A. 1 (Judgment).

Ms. Brashear appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012). We affirm.

"We review the Court of Federal Claims' decision to dismiss a case for lack of subject[-]matter jurisdiction de novo." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (citation omitted). Pursuant to the Tucker Act, the Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28

---

[1] S.A. refers to the Government's Supplemental Appendix attached to its response brief.

U.S.C. § 1491(a)(1). The Tucker Act, however, "does not create a substantive cause of action," but instead requires the plaintiff to identify a "money-mandating" source of law, i.e., "a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). For a source of substantive law to be money-mandating, it must be "reasonably amenable to the reading that it mandates a right of recovery in damages" against the Government. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003). Moreover, we generally interpret the pleadings of a pro se plaintiff liberally. *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005).

The Court of Federal Claims did not err in determining that it lacked subject-matter jurisdiction over the Complaint. As an initial matter, the Complaint is stylized as one made "in admiralty." S.A. 5 (capitalization modified). The Tucker Act, however, confers upon the Court of Federal Claims jurisdiction to consider only claims "against the United States," but does not extend to those in admiralty. 28 U.S.C. § 1491(a)(1); *see Sw. Marine of S.F., Inc. v. United States*, 896 F.2d 532, 534 (Fed. Cir. 1990) ("Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts."). For the first time on appeal, Ms. Brashear contends that the Complaint "focus[es] on false claims with qui tam to allow additional pros[e]cutions to be p[u]rsued by Treasury." Appellant's Br. 1. Qui tam actions are properly raised in federal district courts and not before the Court of Federal Claims. *See LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) ("[Q]ui tam suits may only be heard in the district courts."); *see also Giles v. United States*, 233 F. App'x 987, 989 (Fed. Cir. 2007) ("This court has construed [the qui tam] statute as conferring exclusive jurisdiction over qui tam claims upon the district courts.").

In addition, Ms. Brashear fails to identify a money-mandating source of law for her claims against the United States, despite citing several statutes and constitutional amendments. Specifically, Ms. Brashear contends that the Fourth, Seventh, Ninth, Tenth, and Thirteenth Amendments of the U.S. Constitution were violated, S.A. 23–24, but none of these constitutional provisions are money-mandating, *see Carpenter v. United States*, 603 F. App'x 935, 937 (Fed. Cir. 2015) (determining that the Ninth and Tenth Amendments "cannot be fairly interpreted as mandating compensation by the Federal Government for damage caused by their alleged violation"); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (concluding that "the Court of Federal Claims lacks jurisdiction over the [Thirteenth Amendment] Claims"); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[T]he Fourth Amendment does not mandate the payment of money for its violation." (citation omitted)); *Jaffer v. United States*, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6, 1995) (concluding that the Seventh Amendment does not "explicitly or implicitly obligate[] the federal government to pay damages . . . [and] can[not] support a claim for relief in the Court of Federal Claims"). Moreover, Ms. Brashear asserts a violation of the Sixteenth Amendment, S.A. 24, which authorizes the federal government to collect taxes, *see* U.S. Const. amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."). The Sixteenth Amendment, however, is not a money-mandating source of law sufficient to confer jurisdiction in the Court of Federal Claims because it provides only for Congress to collect taxes and not for individuals to do so. *See id.* Ms. Brashear also claims that the Fifth Amendment was violated, yet she does not allege a taking by the government, S.A. 23–24, and the Fifth Amendment does not otherwise provide a money-mandating provision, *see LeBlanc*, 50 F.3d at 1028 (explaining that the "Due

Process Clause[] of the Fifth . . . Amendment[] . . . do[es] not mandate payment of money by the [G]overnment").

Further, Ms. Brashear raises claims arising under various federal and state statutes. Ms. Brashear seeks federal criminal charges against "respondant/libellants," *see* S.A. 23–24, 27–28 (capitalization modified), yet the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code," *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Ms. Brashear further identifies her rights under 42 U.S.C. § 1983 (2012) of the Civil Rights Act as being violated. S.A. 30. However, civil rights claims brought pursuant to § 1983 are under the exclusive jurisdiction of federal district courts. *See 42 U.S.C. §1988(a); see also Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (concluding that "jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts"). Ms. Brashear also raises claims arising under certain state statutes. *See* S.A. 28. However, the Tucker Act confers the Court of Federal Claims with jurisdiction to consider only claims "against the United States," and exclude that which is not an "Act of Congress or any regulation of an executive department." 28 U.S.C. § 1491(a)(1); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941) (recognizing that, under the Tucker Act, "if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court" (citations omitted)); *Wilson v. United States*, 404 F. App'x 499, 501 (Fed. Cir. 2010) (determining that the Court of Federal Claims lacked subject-matter jurisdiction over claims arising under state statutes). Accordingly, the Court of Federal Claims properly dismissed the case for lack of subject-matter jurisdiction.

CONCLUSION

We have considered Ms. Brashear's remaining arguments and find them unpersuasive. Accordingly, the Judgment of the U.S. Court of Federal Claims is

**AFFIRMED**

COSTS

No costs.