**ST. VINCENT'S MEDICAL CENTER, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

94–5017.

United States Court of Appeals, Federal Circuit.

Aug. 8, 1994.

Robert E. Mazer, Ober, Kaler, Grimes & Shriver, Baltimore, MD, argued, for plaintiff-appellant. With him on the brief were Leonard C. Homer and Leslie Demaree Goldsmith, of counsel.

Carol Wallack, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for defendant-appellee. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson, Asst. Director. Also on the brief was Charles Bailey, Atty., U.S. Dept. of Health and Human Services, Office of the Gen. Counsel, of counsel.

Before MICHEL, CLEVENGER and RADER, Circuit Judges.

MICHEL, Circuit Judge.

St. Vincent's Medical Center (St. Vincent's) appeals the United States Court of Federal Claims' dismissal of St. Vincent's Medicare reimbursement claim for lack of jurisdiction. *St. Vincent's Med. Ctr. v. United States,* 29 Fed.Cl. 165, 173 (1993). We affirm the trial court's decision because of the requirements of the Medicare statute and the doctrine of exhaustion of administrative remedies.

## BACKGROUND

This case involves Medicare reimbursement for certain electricity costs incurred by St. Vincent's related to services it provided to Medicare beneficiaries from 1977 through 1986. As a result of a defective electrical metering system, St. Vincent's belatedly became liable for additional electricity costs in the amount of $2,592,685. Because St. Vincent's was unaware of the unmetered electric costs at the time it submitted its annual cost reports and because of limitations on reopening previously settled cost reports, St. Vincent's received no reimbursement pursuant to 42 U.S.C. § 1395.

St. Vincent's filed a request for retroactive repayment by the government, but the government's intermediary reviewing agency denied the request. St. Vincent's then filed three appeals, in 1988, 1990 and 1991 with the Provider Reimbursement Review Board (PRRB or Board) pursuant to 42 U.S.C. § 1395oo (a), challenging the intermediary's denial. Section 1395oo (a) states that a provider who is dissatisfied with the intermediary's "final determination ... as to the amount of total program reimbursement due ... for the period covered by such report" may request a hearing before the PRRB within 180 days after "notice of the intermediary's final determination." According to the government, the PRRB lacked authority to address St. Vincent's claims for reimbursement for electricity costs for years 1977–1984 because more than 180 days had elapsed from the notices of final cost determination before St. Vincent's even knew of the additional electric costs. Accordingly, the government asserts that St. Vincent's is unable to establish either PRRB or federal court jurisdiction over its claim.

In November 1992, subsequent to filing the three administrative appeals, but before the PRRB had ruled, St. Vincent's also filed suit in the Court of Federal Claims. The government then moved to dismiss for lack of jurisdiction, and the Court of Federal Claims granted the government's motion. The trial court noted that St. Vincent's had claimed the same relief in the Court of Federal Claims that it sought in its administrative appeals, still pending before the PRRB. The trial court further stated that amendments to the Medicare statute provided for judicial review of Medicare payment determinations in federal district court, and that those amendments impliedly repealed the Tucker Act's grant of jurisdiction to the Court of Federal Claims by revoking the government's waiver of sovereign immunity. St. Vincent's now appeals the Court of Federal Claims' order granting the government's motion to dismiss.

## ANALYSIS

### I.

■ Contrary to St. Vincent's assertions, the Medicare Act provides comprehensive administrative and district court review procedures. According to 42 U.S.C. § 1395oo (a), a provider seeking judicial review of a denial of reimbursement must first bring its claim before the PRRB. The PRRB will either conduct a hearing concerning the reimbursement dispute or, if the PRRB determines that it lacks authority to rule upon the challenge, it will certify the case for expedited judicial review, which makes available immediate judicial review in the district courts in lieu of an administrative hearing. 42 U.S.C. § 1395oo (f)(1); 42 C.F.R. § 1842. The statute provides:

> Providers shall ... have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines ... that it is without authority to decide the question.... *Such action shall be brought in the district court of the United States for the judicial district in which the provider is located ... or in the District Court for the District of Columbia.*

*Id.* (emphasis added).

With respect to matters that are adjudicated on their merits by the PRRB, the statute provides for district court review of the PRRB's final decision. 42 U.S.C. § 1395oo (f)(1).

■ Because the Medicare Act contains its own comprehensive administrative and judi-

cial review scheme, there is no Tucker Act jurisdiction over Medicare reimbursement claims. Courts have consistently found preemption of Tucker Act jurisdiction where Congress has enacted a precisely drawn, comprehensive and detailed scheme of review in another forum, as in the present case. *See, e.g., United States v. Fausto,* 484 U.S. 439, 454–55, 108 S.Ct. 668, 677–78, 98 L.Ed.2d 830 (1988); *Harris v. United States,* 841 F.2d 1097, 1100–01 (Fed.Cir.1988); *Fiorentino v. United States,* 607 F.2d 963, 969–70, 221 Ct.Cl. 545 (1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980). In fact, we recently held in *Appalachian Regional Healthcare, Inc. v. United States,* 999 F.2d 1573, 1577 (Fed.Cir.1993) (citation omitted),[1] that "when the Medicare statute specifically provides for review, providers and courts must follow the specified procedures."

Similarly, in *Whitecliff, Inc. v. United States,* 536 F.2d 347, 351, 210 Ct.Cl. 53 (1976), *cert. denied,* 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977), the Court of Claims held that for claims arising after June 30, 1973, it lacked jurisdiction pursuant to the Tucker Act. The court explained that "[w]here the Medicare statute provides for review, providers and courts must follow the specified procedures and limitations; in other cases, a provider may obtain judicial review, under the general jurisdictional provisions which are applicable...." *Id.* Only where Congress has not specified procedures for review of Medicare reimbursement claims can those claims be entertained under the Tucker Act. *See, e.g., Spokane Valley Gen.*

*Hosp., Inc. v. United States,* 688 F.2d 771, 774–75, 231 Ct.Cl. 550 (1982). As the government properly notes in its brief, the relevant issue is whether there is a comprehensive review scheme that preempts Tucker Act jurisdiction, not, as St. Vincent's suggests, whether the hospital is entitled to the specific remedy it seeks.

Here, because Congress provided a specific and comprehensive scheme for administrative and judicial review of Medicare reimbursement claims, Tucker Act jurisdiction is preempted, and, accordingly, the Court of Federal Claims correctly dismissed this case for lack of jurisdiction.

## II.

Even if *Fausto, Harris, Fiorentino, Appalachian* and *Whitecliff* do not support preemption of Tucker Act jurisdiction, the Medicare Act specifically precludes review of reimbursement claims by, inter alia, the Court of Federal Claims. Section 405(h) of title 42 of the United States Code, read in conjunction with 42 U.S.C. § 1395ii, unequivocally provides that "no action" arising under the Medicare Act shall be brought in any forum or before any tribunal that is not specifically provided for in the Medicare Act. The Medicare Act does not provide for jurisdiction in the Court of Federal Claims; thus, the Court of Federal Claims is precluded from reviewing reimbursement disputes arising under the Act. Although 42 U.S.C. § 405(h) stems from the Social Security Act, the provisions of this section have been incorporated by

---

1. St. Vincent's attempts to distinguish *Appalachian* from the present case. It states that this court's holding in *Appalachian* was based upon the court's finding that Appalachian Regional Healthcare, Inc. could have but failed to raise its claim in accordance with the review procedures set forth in the Medicare Act. St. Vincent's then argues that it was in a different position because it purportedly had no opportunity to obtain judicial review except pursuant to the Tucker Act. This argument lacks merit because our holding in *Appalachian* did not recognize any such distinction.

Under the Medicare Act, St. Vincent's had an avenue to pursue its reimbursement claims. In fact, St. Vincent's currently has several appeals pending before the PRRB that specifically address the same issue presented here (*i.e.,* whether

the hospital should receive reasonable cost Medicare reimbursement for the disputed electrical costs). Given the pending agency appeals addressing the identical reimbursement dispute presented to the Court of Federal Claims, the trial court properly declined to find Tucker Act jurisdiction to resolve this dispute. As the trial judge properly concluded, it is possible that PRRB will grant the provider the relief it seeks. *St. Vincent's Med. Ctr. v. United States,* 29 Fed.Cl. 165, 171 (1993). Moreover, even if the PRRB denies the hospital's request for reimbursement for these electrical costs, or finds that it does not have authority to resolve the issue and certifies the hospital's claim for expedited judicial review, St. Vincent's could appeal its decision to the appropriate United States district court pursuant to 42 U.S.C. § 1395*oo* (f)(1).

reference into the Medicare Act by 42 U.S.C. § 1395ii, which provides in relevant part: "The provisions of ... [42 U.S.C. § 405(h)] ... shall also apply with respect to [the Medicare Act] to the same extent as they are applicable with respect to [Title II of the Social Security Act]." Accordingly, under the plain terms of 42 U.S.C. §§ 405(h) and 1395ii, the Court of Federal Claims lacked jurisdiction to review St. Vincent's Medicare reimbursement claim.

St. Vincent's responds that the Court of Federal Claims erroneously dismissed this case for lack of jurisdiction because the Tucker Act provides the Court of Federal Claims with jurisdiction where, as here, no other judicial forum is actually available, citing *Mount Sinai Medical Center of Greater Miami, Inc. v. United States,* 13 Cl.Ct. 561, 565 (1987). As noted above, St. Vincent's contends that it could not and cannot invoke the jurisdiction of the PRRB and the related judicial review process to obtain its requested reimbursement because by the time it became aware of the additional costs associated with the unmetered electricity, the 180 day time period it had under 42 U.S.C. § 1395oo (a)(3) to invoke the PRRB's jurisdiction for those cost years had expired. Moreover, since a PRRB decision is required before an action may be brought in federal district court, 42 U.S.C. § 1395oo (f)(1), St. Vincent's argues that district court jurisdiction under the Medicare statute was also precluded.

As noted above, however, St. Vincent's has several appeals pending before the PRRB. Even if, as St. Vincent's speculates, the PRRB decides that it lacks jurisdiction and cannot order the cost reimbursement that St. Vincent's seeks because the regulation precludes reopening cost reports for the earlier years, St. Vincent's can appeal that jurisdictional ruling to the district court. It is not, however, within the jurisdiction of the Court of Federal Claims under the Tucker Act to decide the amount of reimbursement and/or whether prior years' cost reports could and should be reopened.

St. Vincent's also relies on the facts of *Mount Sinai* to support its contention that the trial court erred in dismissing this case

for lack of jurisdiction. In *Mount Sinai,* a Medicare provider found itself with late assessments from the Florida Patient Compensation Fund (FPCF). The FPCF was a self-insuring trust fund established by the Florida legislature to which all Florida health care providers were required to contribute. Due to unsound actuarial predictions, the fund experienced deficits which required additional assessments against its participants. The Medicare provider asserted reimbursement claims for these late assessments. The Claims Court found that there was no statutory scheme which could provide judicial review in the district court to Mount Sinai because by the time Mount Sinai was billed for the assessments, it was too late to include the costs in the appropriate years' cost reports or to establish PRRB jurisdiction. Given that a PRRB hearing is a prerequisite for review in the district court, the trial judge in *Mount Sinai* concluded that the Medicare provider lacked any statutory avenue for judicial review. Accordingly, the trial court denied the government's motion to dismiss, finding jurisdiction under the Tucker Act.

The government argues, and we agree, that the holding in *Mount Sinai* is flawed. In essence, the judge in *Mount Sinai* asserted that the court had jurisdiction because the PRRB allegedly refused to exercise its jurisdiction to consider reimbursement for the late FPCF assessments upon the grounds that (1) there was not a timely appeal to the PRRB because the provider was not aware of the assessments before the expiration of the time to seek PRRB review; and (2) for certain years, the late assessments were not included in the hospital's annual cost reports and the intermediary objected to the reopening of the cost reports. The Claims Court reached these conclusions even though it recognized that the PRRB's jurisdictional determination could be appealed to the district court. The court simply stated that, "even if plaintiff appeals the FPCF issue to the district court, the district court is bound to conclude that the PRRB denial of jurisdiction was correct." *Mount Sinai,* 13 Cl.Ct. at 565–66.

*Mount Sinai* simply presumed that a district court would agree with the PRRB's decision despite the fact that the hospital could have argued and the district court may have concluded otherwise. Nevertheless, *Mount Sinai* premised its decision on this unwarranted assumption that the hospital could not obtain judicial review of the administrative decision in federal district court. Based on the foregoing, the Claims Court judge erroneously determined that Tucker Act jurisdiction existed.

Applying the holding of *Mount Sinai* to the present case, St. Vincent's contention that the Medicare Act does not provide any avenue for judicial review lacks merit for the same reason that *Mount Sinai*'s "lack of review" argument is without merit. Contrary to St. Vincent's suggestion, the Medicare Act affords St. Vincent's the opportunity to present its reimbursement claims before the PRRB. The PRRB can then decide whether and how to reimburse St. Vincent's. If the PRRB rules adversely to St. Vincent's, the hospital may then appeal to the appropriate district court either on the merits or on jurisdiction.

Moreover, to the extent *Mount Sinai* cannot be distinguished, we hold that it is erroneous and we overrule it.

### III.

In addition to the preemption and section 405(h) reasons discussed above, the trial court also properly dismissed this case for lack of jurisdiction because taking Tucker Act jurisdiction over this dispute would violate the well-established doctrine that regulated parties must exhaust all available administrative remedies before they receive judicial review where, as here, Congress has explicitly so required. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 627, 104 S.Ct. 2013, 2028, 80 L.Ed.2d 622 (1984) (Congress in the Medicare Act required that administrative remedies be exhausted before judicial review of the Secretary's decision may take place). Like the plaintiff in *Ringer*, St. Vincent's no doubt prefers an "immediate appeal ... rather than the often lengthy administrative review process" required in the PRRB. *Ringer*, 466 U.S. at 619, 104 S.Ct. at 2024. St.

Vincent's, however, must "adhere to the administrative procedure which Congress has established for adjudicating [its] Medicare claims." *Id.* Because St. Vincent's still has appeals pending with the PRRB, neither the district court nor the Court of Federal Claims presently possesses jurisdiction to consider St. Vincent's Medicare reimbursement claims.

Even if, as St. Vincent's argues, its PRRB appeal will prove unsuccessful, St. Vincent's still has an obligation to satisfy the prerequisites for judicial review under the Medicare Act. *Id.* at 605, 104 S.Ct. at 2016–17; *see also Aristocrat South, Inc. v. Mathews*, 420 F.Supp. 23, 26 (D.D.C.1976) ("Even if initial application to the PRRB by plaintiffs of its [sic] claims seems formalistic and futile, as plaintiffs argue, it is a statutory prerequisite to judicial review which must be followed.").

### CONCLUSION

For the foregoing reasons, each of which is independently sufficient, we affirm the Court of Federal Claims' dismissal for lack of jurisdiction.

*AFFIRMED.*