# United States Court of Appeals for the Federal Circuit

05-5102


PINES RESIDENTIAL TREATMENT CENTER, INC.
(formerly known as Heritage Mental Health Center, Inc.),

Plaintiff-Appellant,

v.


UNITED STATES,

Defendant-Appellee.


James E. Moore, Christian & Barton, LLP, of Richmond, Virginia, argued for plaintiff-appellant.

Jeffery T. Infelise, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Brian M. Simkin, Assistant Director, and Kenneth S. Kessler, Attorney. Of counsel on the brief was Clifford Pierce, Assistant Regional Counsel, Office of General Counsel, United States Department of Health and Human Services, of Boston, Massachusetts.

Appealed from: United States Court of Federal Claims

Judge Emily C. Hewitt

# United States Court of Appeals for the Federal Circuit

05-5102

PINES RESIDENTIAL TREATMENT CENTER, INC.
(formerly known as Heritage Mental Health Center, Inc.),

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: April 12, 2006

_____

Before MICHEL, <u>Chief Judge</u>, MAYER, and BRYSON, <u>Circuit Judges</u>.

MAYER, <u>Circuit Judge</u>.

Pines Residential Treatment Center, Inc. appeals the judgment of the United States Court of Federal Claims, which dismissed its complaint for lack of subject matter jurisdiction. <u>Pines Residential Treatment Ctr., Inc. v. United States</u>, 64 Fed. Cl. 307 (Fed. Cl. 2005). We affirm.

## Background

Pines Residential Treatment Center, Inc. ("Pines") operated Heritage Hospital, an inpatient hospital facility, from November 1994 through May 1996. To begin its operations, Pines purchased the hospital assets from the previous owner, Heritage

Hospital, Inc. ("Heritage"), which was an approved provider of services under the Medicare Act. Although the purchase agreement anticipated that Pines would not assume Heritage's liabilities or Medicare contracts, Pines operated the hospital under Heritage's Medicare provider agreement and used Heritage's provider numbers. Pines sold the hospital assets in May 1996, and then filed a terminating cost report claiming Medicare reimbursement for a loss of $630,243 from the sale. Associated Hospital Services of Maine, Inc. ("the Intermediary"), acting as the Medicare intermediary, disallowed the entire claim for lack of adequate documentation.

Pines appealed the disallowance to the Provider Reimbursement Review Board ("PRRB"). While the appeal was pending, Pines and the Intermediary entered into a written settlement agreement under which the Intermediary agreed to reverse its original disallowance; allow a loss of $548,104; and issue a revised notice of program reimbursement ("NPR") reflecting this allowance. The agreement also provided that it did not affect "any rights, claims, duties, or obligations that the parties may have with respect to any other issues or cost reporting periods." The Intermediary then issued two revised NPRs for the relevant fiscal year reflecting the agreed-upon loss and stating that a check would be issued if payment were due, but also providing that the check would be applied "against any previous outstanding liability that has been liquidated for which you do not have an approved repayment schedule." The NPRs did not set forth any other liabilities.

After an unanswered demand for payment of the amount set forth in the revised NPRs, Pines filed a second administrative appeal to the PRRB, seeking payment of the agreed-upon loss. In particular, the appeal letter stated that it "agrees with the amounts

set forth in the NPRs and, therefore, there is no factual matter in dispute." The PRRB dismissed the complaint, reasoning that without a dispute over the reimbursement amount or dissatisfaction with a final determination of the Intermediary, jurisdiction was lacking. Pines did not appeal the PRRB's dismissal but instead filed suit in the Court of Federal Claims, which dismissed the case for lack of jurisdiction. Pines appeals that dismissal and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## Discussion

The trial court's ruling as to subject matter jurisdiction is a question of law that we review de novo. See, e.g., Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1372 (Fed. Cir. 2005) (citing Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir. 2002)). Regardless of a party's characterization of its claim, "we look to the true nature of the action in determining the existence or not of jurisdiction." Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) (citations omitted); see also Tex. Peanut Farmers, 409 F.3d at 1372 (citations omitted).

"Courts have consistently found preemption of Tucker Act jurisdiction where Congress has enacted a precisely drawn, comprehensive and detailed scheme of review in another forum . . . ." St. Vincent's Med. Ctr. v. United States, 32 F.3d 548, 550 (Fed. Cir. 1994). In St. Vincent's, we held that the Medicare Act's "comprehensive administrative and district court review procedures" give rise to such preemption. Id. at 549. In doing so, we explained that under the Medicare scheme, "a provider seeking judicial review of a denial of reimbursement must first bring its claim before the PRRB. The PRRB will either conduct a hearing concerning the reimbursement dispute or, if the PRRB determines that it lacks authority to rule upon the challenge, it will certify the case

for expedited judicial review, which makes available immediate judicial review in the district courts in lieu of an administrative hearing." Id. (citing 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 1842). We concluded that "[b]ecause the Medicare Act contains its own comprehensive administrative and judicial review scheme, there is no Tucker Act jurisdiction over Medicare reimbursement claims." Id. at 549-50.

We also held in St. Vincent's that "[t]he Medicare Act specifically precludes review of reimbursement claims by, inter alia, the Court of Federal Claims." Id. at 550. We observed that "[s]ection 405(h) of title 42 of the United States Code, read in conjunction with 42 U.S.C. § 1395ii, unequivocally provides that 'no action' arising under the Medicare Act shall be brought in any forum or before any tribunal that is not specifically provided for in the Medicare Act." Id. at 550. Therefore, because "[t]he Medicare Act does not provide for jurisdiction in the Court of Federal Claims; . . . [it] is precluded from reviewing reimbursement disputes arising under the Act." Id. at 550.

Here, Pines' claim is one for Medicare reimbursement, and its artful attempt to style it as one for breach of contract must fail. The settlement agreement Pines seeks to enforce did not entitle it to payment, but only to recognition of a loss of $548,104. Ultimately, determining whether any payment is due to Pines requires resolving questions under the Medicare Act. In particular, the government contends that it is entitled to reduce, or offset, any payment to Pines by an amount owed to the government for an overpayment to Pines' predecessor. Whether the offset claimed by the government is proper requires application of the provisions of the Medicare Act. Thus, at a minimum, Pines' claim is inextricably intertwined with a benefits claim over which the trial court lacks jurisdiction. See Heckler v. Ringer, 466 U.S. 602, 614 (1984)

(finding plaintiffs' constitutional claim to be "inextricably intertwined" with their claim for benefits and, hence, "arising under" the Medicare Act and subject to its review scheme); Wilson v. United States, 405 F.3d 1002, 1012 (Fed. Cir. 2005).  Pines' argument that the offset was improper because the government did not follow the applicable Medicare regulations in applying it only reinforces our conclusion by proving that resolution of this case requires an evaluation of the Medicare statutes and regulations.  Finally, although a party's characterization of its claim is not conclusive, Pines' complaint was quite correct in stating that "[t]his case involves a claim against the United States for payment of Medicare reimbursement."  For that very reason, the trial court was without jurisdiction.

## Conclusion

Accordingly, the judgment of the United States Court of Federal Claims is affirmed.

## AFFIRMED