NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-5062

RANDY LEE HAMMITT,

Plaintiff-Appellant,

and

SANDRA MARIE HAMMITT,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  December 26, 2006

_____

Before NEWMAN, DYK, and PROST, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Plaintiffs Randy Lee and Sandra Marie Hammitt ("the Hammitts") appeal the decision of the United States Court of Federal Claims dismissing the Hammitts' Fifth

Amendment takings claim for lack of subject matter jurisdiction.[1] The Hammitts held the leasehold of real property that was the subject of a civil in rem forfeiture proceeding based on federal crimes committed by the owner of the property, to which the property is presumed to have contributed. The Hammitts argue that this constituted a taking of their leasehold, warranting just compensation under the Fifth Amendment. The Court of Federal Claims held that the only path of relief for the Hammitts was in the district court and regional circuit in accordance with 18 U.S.C. §983, and not in the Court of Federal Claims. We affirm the dismissal on this ground.

DISCUSSION

In 1999 the Hammitts entered into a 25-year lease agreement with Phillip Mark Vaughan for certain real property including a house in Gastonia, North Carolina, in which the Hammitts lived ("the Gastonia Property"). The lease agreement contained a first option to purchase the property. In 2001 the Hammitts attempted to exercise the purchase option after Mr. Vaughan was indicted and charged with various racketeering-type federal crimes. Mr. Vaughan refused to sell the property to the Hammitts. They filed a quiet title claim in the Superior Court of Gaston County on April 30, 2003, and obtained a default judgment on June 3, 2003 when Mr. Vaughan failed to respond, apparently due to his incarceration.

On May 30, 2003, while the quiet title case was pending in Gaston County, the United States filed a complaint under the Civil Asset Forfeiture Reform Act, 18 U.S.C. §981 et seq., in the United States District Court for the Western District of North Carolina, seeking civil forfeiture in rem of various properties associated with Mr. Vaughan, including

---

[1]     Hammitt v. United States, 69 Fed. Cl. 165 (2005).

the Gastonia Property. The notice of proposed forfeiture was posted on the Gastonia Property where the Hammitts were residing, and stated that "a person asserting an interest in seized property . . . shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." 18 U.S.C. §983(a)(4)(B).

The Hammitts filed a "Verified Statement of Interest and Show Cause" in the district court on June 20, 2003, but did not directly file an answer to the complaint, and in any event exceeded the 20-day response period by one day. The Hammitts' argument was that their state adjudication of property rights controlled, and they concurrently sought to enforce their quiet title judgment in state court. The district court held the Hammitts in default under the forfeiture statute.

The statute contains an "innocent owner defense," §983(d), that "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." §983(d)(1). The statute provides no additional procedure for innocent owners who receive actual notice for the filing of the complaint for forfeiture of the 20-day statutory period for answering the complaint. The Hammitts unsuccessfully petitioned the district court and appealed to the Fourth Circuit Court of Appeals by way of mandamus motion, which the court denied. In re Hammitt, 81 F. App'x 790 (4th Cir. December 3, 2003).

On October 26, 2004 the federal district court issued final judgment to the United States for civil forfeiture of the Gastonia Property, and on March 11, 2005 the district court ordered the Hammitts to vacate the Gastonia Property. They resisted, and only after contempt proceedings were brought (apparently at the initiative of the holder of the

mortgage, whose interest in the property had been timely asserted and had been recognized by the district court), did they vacate the property.

On April 7, 2005 the Hammitts filed a Fifth Amendment takings claim in the Court of Federal Claims, seeking just compensation for the taking by the United States of their leasehold and option interest in the Gastonia Property. The Court of Federal Claims held that the only remedy available to the Hammitts was through the district court and the proceedings provided by 18 U.S.C. §983. The Hammitts do not now dispute that the district court had authority to order the in rem forfeiture of the Gastonia Property. However, they argue that their constitutional claim cannot be preempted, and that the government's taking of their property interest, although there was no wrongdoing on their part, raises an issue of Fifth Amendment taking.

The Court of Federal Claims applied Vereda, Ltda. v. United States, 271 F.3d 1367 (Fed. Cir. 2001), which held, in connection with the forfeiture provision in the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §881(a), that when "a 'specific and comprehensive scheme for administrative and judicial review' is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." Id. at 1375 (quoting St. Vincent's Medical Center v. United States, 32 F.3d 548, 549-50 (Fed. Cir. 1994)). The Court of Federal Claims held that the provisions in 18 U.S.C. §983 meets the criteria of being "specific and comprehensive," that they provide for notice and the opportunity to respond in the district court, and that Tucker Act jurisdiction is preempted.

Applying Vereda, the Court of Federal Claims correctly held that whether the Hammitts' participation was adequate and timely, and whether the adjudications were

2006-5062                                          4

correct, are not subject to collateral review by the Court of Federal Claims. The forfeiture statute provides reasonable procedures, and the Hammitts' claim was presented, in mandamus petition, to the cognizant circuit court of appeals. There remains no basis for Tucker Act jurisdiction.

No costs.