NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent from the ruling that the Medicare Act’s jurisdictional assignment to the district courts does not apply when there is an offer of settlement of a Medicare reimbursement claim. This explicit statutory assignment is not erased if the Medicare administrator offers to settle a Medicare claim. The jurisdictional statute is clear, and precedent has long implemented its terms:
Any individual, after any final decision of the [Secretary of HHS] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.
42 U.S.C. § 1395ff(b)(l)(A), from the Medicare Act (incorporating 42 U.S.C. § 405(g), from the Social Security Act) (emphasis added). The courts have consistently agreed. In St. Vincent’s Medical Center v. United States, we cited extensive authority concerning the statute:
Because the Medicare Act contains its own comprehensive administrative and judicial review scheme, there is no Tucker Act jurisdiction over Medicare reimbursement claims. Courts have consistently found preemption of Tucker Act jurisdiction where Congress has enacted a precisely drawn, comprehensive and detailed scheme of review in another forum, as in the present case. See, e.g., United States v. Fausto, 484 U.S. 439, 454-55, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); Harris v. United States, 841 F.2d 1097, 1100-01 (Fed. Cir. 1988); Fiorentino v. United States, 607 F.2d 963, 969-70 (Fed. Cl. 1979). In fact, we recently held in Appalachian Regional Healthcare, Inc. v. United States, 999 F.2d 1573, 1577 (Fed. Cir. 1993) (citations omitted), that “when the Medicare statute specifically provides for review, providers and courts must follow the specified procedures.”
32 F.3d 548, 549-50 (Fed. Cir. 1994) (parallel citations and footnote omitted). The Supreme Court explained such jurisdictional assignments in United States v. Bormes:
The Tucker Act is displaced ... when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute.
*1001 568 U.S. 6, 12, 133 S.Ct. 12, 184 L.Ed.2d 317 (2012) (discussing the Fair Credit Reporting Act).
Nonetheless, my colleagues endorse the transfer of this action from the district court to the Court of Federal Claims under the Tucker Act, reasoning that the statutory assignment of Medicare jurisdiction does not apply when the issue includes a proposal for settlement of a Medicare claim. However, as precedent has resolved, settlement of a Medicare claim does not remove the statutory Medicare Act jurisdiction. See Pines Residential Treatment Ctr., Inc. v. United States, 444 F.3d 1379 (Fed. Cir. 2006) (holding that Tucker Act jurisdiction is inappropriate when a settlement agreement “is inextricably intertwined with a benefits claim” over which the Claims Court lacks jurisdiction). Pines Residential dealt with the asserted breach of a settlement agreement for a Medicare claim, and this court held that the Court of Federal Claims lacks jurisdiction, for “there is no Tucker Act jurisdiction over Medicare reimbursement claims.” Id. at 1381 (quoting St. Vincent’s Med. Ctr., 32 F.3d at 549-50).
The court today ratifies the jurisdictional anomaly proposed by the Medicare administrators at HHS, whereby a denied Medicare claim can be reviewed only in the district court under the Medicare Act, but a proposal to settle a Medicare claim can be reviewed only in the Court of Federal Claims under the Tucker Act. The provisions of the Medicare Act, and precedent of the Supreme Court, the Federal Circuit, the Court of Federal Claims, and the district courts are contrary to the position today of HHS, now endorsed by my colleagues.[1]

These Medicare Act claims relating to “short-stay” hospital costs were proposed for settlement by Medicare administrators

These Medicare reimbursement claims relate to hospital costs for procedures that the Medicare administrators held should have been conducted on an out-patient basis. Thousands of short-stay hospital claims were denied — Prime Hospitals says in an administrative policy shift — and were appealed through the prescribed Medicare administrative process. A large backlog of appeals ensued, and in August 2014 HHS proposed to settle short-stay claims by paying 68 percent of the eligible amounts determined in accordance with a seven-factor test. J.A. 59. An HHS official sent Prime Hospitals a proposed Administrative Agreement stating the settlement conditions; the accompanying letter stated that the “Parties’ obligations under the agreement become binding upon execution of the Administrative Agreement.” J.A. 57.
Prime Hospitals executed the Agreement and provided the requested eligibility information. However, the HHS official then refused to countersign the Agreement, stating that there was an ongoing *1002 False Claims Act investigation related to Prime Hospitals’ short-stay claims.[2] Prime Hospitals then filed this suit in the district court, requesting that HHS either proceed ■with the proposed settlement or resolve the separate administrative appeals. HHS then took the position that the district court did not have jurisdiction, and moved for transfer to the Court of Federal Claims. The district court transferred the case; this appeal is from that transfer.

Medicare Act reimbursement claims are reviewed under the Medicare Act, not the Tucker Act

Although my colleagues on this panel appear to recognize that the Medicare Act placed judicial review of Medicare claims exclusively in the district courts, they hold that when there is an issue related to a proposed settlement, only the Court of Federal Claims has jurisdiction. However, the Tucker Act cannot displace the explicit jurisdictional assignment in the Medicare Act.[3] As stated in Bornes, the Supreme Court has “consistently held that statutory schemes with them own remedial framework exclude alternative relief under the general .terms of the Tucker Act.” 568 U.S. at 13, 133 S.Ct. 12. See also Wilson ex rel. Est. of Wilson v. United States, 405 F.3d 1002, 1015 (Fed. Cir. 2005) (Because “the Medicare Act contains its own comprehensive administrative and judicial review scheme which was available to Ms. Wilson, Congress has expressly placed jurisdiction elsewhere, and there is no Tucker Act jurisdiction.... ” (internal quotation marks and citation omitted) (quoting Aerolineas Argentinas v. United States, 77 F.3d 1564, 1573 (Fed. Cir. 1996))). The purported authority cited by my colleagues does not hold otherwise.

The Medicare. Act incorporated the judicial review provisions of the Social Security Act.

The Medicare Act and the Social Security Act are explicit that judicial review is placed in the district courts, but is not under 28 U.S.C, § 1331 (federal question jurisdiction) or § 1346 (Little Tucker Act). Both statutes include the same provision:
No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.
42 U.S.C. § 1395Ü (incorporating'42 U.S.C. § 405(h), from' the Social Security Act).
*1003 The “arising under” provision of the Medicare Act does not exclude settlement, or proposals for settlement, of Medicare claims. 42 U.S.C. § 405(h) (“No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.”)
Precedent guides the determination of whether a claim “arises under” the Medicare Act. See Heckler v. Ringer, 466 U.S. 602, 614, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (inquiring whether a claim is “anything more than, at bottom, a claim” for Medicare benefits). In Ringer, the Secretary had denied payment for a medical procedure, and the Court held that “the inquiry in determining whether section 405(h) bars federal-question jurisdiction must be whether the claim ‘arises under’ the Act.” Id. at 615, 104 S.Ct. 2013. The Court explained that a “claim arising under” includes “any claim in which ‘both the standing and the substantive basis for the presentation’ of the claims” is the Medicare Act, and reaffirmed that the same approach is appropriate under the Medicare Act and the Social Security Act. Id. see also Weinberger v. Salfi, 422 U.S. 749, 760-61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (comparing arising under jurisdiction under the Medicare Act and the Social Security Act).
The Medicare Act provides both the standing and substantive basis for Prime Hospitals’ claim. The issues are not “separate from those that would arise in a substantive claim of entitlement to benefits.” Maj. Op. 998. The proposed Administrative Agreement contains ongoing obligations of eligibility determinations, not merely an exercise in contract enforcement. The proposed settlement is not simply enforcement of a contracted-for lump sum payment, as the majority describes it. The proposed settlement would require individual review of the eligibility of each claim, before the 68 percent payment would be authorized. Like the claim in Pines Residential, the Prime Hospital settlement proposal is “inextricably intertwined” with the eligibility of each individual claim, measured by “application of the provisions of the Medicare Act.” Pines Residential, 444 F.3d at 1381.
The “Settlement Instructions” state that “CMS is requiring each facility to complete a spreadsheet of claims it believes to be eligible for inclusion.” J.A. 47. This eligibility process is not simply where “parties might have to compare spreadsheets to determine whether their records match,” quoting the panel majority. Maj. Op. 995. Each claim requires review for eligibility, including whether the “claim was not for items/services provided to a Medicare Part C enrollee,” whether “the claim was denied by an entity who conducted review on behalf of CMS,” whether “the claim was denied based on inappropriate patient status,” whether “the denial was timely appealed by the hospital,” and whether “the provider did not receive payment for the services as a Part B claim (‘rebill’).” J.A. 47-8. This is not a “simple” contract enforcement proceeding, as the majority holds. Maj. Op. 995.
The HHS proposal to settle short-stay Medicare claims does not dissolve the settled judicial review provision of the Medicare Act.

The panel majority’s purported authority does not override the Medicare Statute

The HHS and my colleagues have cited purported authority from other statutes and other facts, while ignoring the Medicare statute and direct precedent. For example, in Holmes v. United States, 657 F.3d 1303, 1312 (Fed. Cir. 2011), cited by my colleagues, the court held that dam *1004 ages for breach of a Title VII settlement agreement, described as a “straightforward contract dispute,” could be obtained in the Court of Federal Claims. Holmes presented no issue of a proposed but unsigned contract. Furthermore, the issue here requires application of the Medicare regulations, an inquiry beyond a straightforward contract dispute.
My colleagues also rely on Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999), a case arising under the Military Claims Act, where the parties had an executed settlement agreement, and the court held that recovery on the contract could be obtained in the Court of Federal Claims. The court stated that Massie “agrees with the Secretary’s decision and seeks only to enforce the express contract embodying it,” Id. at 1189. Unlike Massie, HHS not only denied the Hospitals’ claims but declined to sign its proposed settlement agreement.
The panel majority also cites Cunningham v. United States, 748 F.3d 1172 (Fed. Cir. 2014), where the parties had entered into a consent decree under the Civil Service Reform Act; this court stated that “Mr. Cunningham’s suit does not require the Claims Court to review the facts or law underlying his initial discrimination grievance against OPM,” and held that the consent decree was enforceable under the Tucker Act. Again, there was a signed, completed contract, and the underlying claims had been resolved, eliminating the possibility of further agency involvement.
The majority cites Del-Rio Drilling Programs, Inc. v. United States, 146 F.3d 1358 (Fed. Cir. 1998), to argue that the Court of Federal Claims is not deprived of jurisdiction by “the fact that the court may have to interpret [an] Act or make other determinations regarding principles of state and federal law in order to resolve the contract claim.” Id. at 1367. However, the question is not whether the Court of .Federal Claims is “deprived of’ its general Tucker Act jurisdiction; the question is whether the district court is deprived of its statutory assignment of jurisdiction of Medicare Act claims,
I take note of the court’s citation of Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), to support the conclusion that “[e]nforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.” Maj. Op. 992. This case, concerning enforcement of an insurance settlement, does not override the Medicare Act’s jurisdictional statute. Here, the required basis exists, for the Medicare statute is written to encompass such routine disputes as settlement of a Medicare claim under its “arising under” jurisdiction.
In all of the cases in which contract enforcement was implemented by the Court of Federal Claims, the court relied on the completeness of the contract claim and the absence of continuing agency involvement in the enforcement. In contrast, here the proposed Medicare short-stay claim settlement requires Medicare Act determination of seven factors of eligibility of each claim. These eases do not support elimination of the Medicare Act’s assignment of jurisdiction to the district court.

The Court of Federal Claims, the district courts, and other circuits have recognized the statutory Medicare Act jurisdiction

The Court of Federal Claims has addressed the issue of its jurisdiction, and recognized that it does not have jurisdiction for proposed settlements of Medicare claims. In Bloomington Hosp. v. United *1005 States, 29 Fed.Cl. 286 (Fed. Cl. 1993), the court was presented with a situation similar to that of Prime Hospitals. The Secretary made a settlement offer to several hospitals, related to a dispute over the computation of the average per diem cost of routine patient health care. The settlement was offered to “any hospitals that have such appeals properly pending at the administrative level or before the Courts,” id. at 290, but Bloomington Hospital had not timely filed its appeal. The court observed that “settlement or compromise agreements are contractual in nature,” id. at 293, but ruled that the Medicare Act placed the issue in the district court, stating:
Although plaintiffs describe their claim as a “contract dispute,” the subject matter of the purported underlying contract is wholly based on a Medicare reimbursement dispute. Therefore, notwithstanding this court’s ability to exercise jurisdiction when a settlement agreement or contract with the federal government is at issue, it is clear that plaintiffs are merely seeking a redeter-mination of a continuing Medicare reimbursement dispute. Thus, this court is without jurisdiction because Congress has explicitly provided that Medicare reimbursement disputes are to be heard solely in the district courts.
Id. This ruling comports with those of all other courts, that the Medicare Act assigned these issues to the district courts. The new position of HHS is untenable, and should not be endorsed by this court.
A district court addressed Medicare Act jurisdiction in Caregivers Plus, Inc. v. Thompson, 311 F.Supp.2d 728 (N.D. Ind. 2004), and held that it possessed the standing and substantive basis for a claim that a Medicare fiscal intermediary breached a Medicare settlement agreement. Id. at 734. Although the suit in the district court was dismissed on the basis that the administrative process had not been exhausted, the opinion does not hint that jurisdiction belongs in the Court of Federal Claims. The district court remarked on the Medicare Act’s “exclusive procedure for review,” and cited Bodimetric Health Services v. Aetna Life & Casualty, 903 F.2d 480, 487 (7th Cir. 1990), where the dispute was “inextricably intertwined with [an] initial benefits determination,” for elaboration of the “kinds of decisions that must proceed, if at all, through the Medicare Act’s exclusive procedure for review.” Caregivers Plus, 311 F.Supp.2d at 734.
The panel majority cites RenCare, Ltd. v. Humana Health Plan of Tex., Inc., 395 F.3d 555 (5th Cir. 2004) for a ruling that state-law contract claims do not provide standing or a substantive basis under the Medicare Act. Maj. Op. 996-97. RenCare was a dispute between a provider and a Health Maintenance Organization (HMO) — private parties in which “the government had no financial interest.” Id. at 558. The Fifth Circuit found that the claims did not arise under the Medicare Act because “[a]t bottom, RenCare’s claims are claims for payment pursuant to a contract between private parties,” since neither “enrollees nor the government hav[e] any financial interest in the resolution of this dispute.” Id. at 559.. Here, where the claim is one for Medicare reimbursement benefits between a provider and the government, RenCare illustrates the statutory distinctions.
Also informative is Do Sung Uhm v. Humana, Inc., 620 F.3d 1134 (9th Cir. 2010), where the district court considered whether a breach of contract claim against a Medicare contractor arose under the Medicare statute, and held that a.dispute falls under the Medicare Act “where at bottom, a plaintiff is complaining about the denial of Medicare benefits.” Maj. Op. 996 (citing Do Sung Uhm, 620 F.3d at 1142- *1006 43). In its district court complaint, Prime Hospitals requested the remedy of “Medicare reimbursement of their Short Stay Appeal claims in an amount according to proof at trial, and interest on said amount at the maximum rate permitted by law.” J.A. 43. Such a remedy is indicative of a “concealed claim for benefits” arising under the Medicare Act. See Kaiser v. Blue Cross of California, 347 F.3d 1107, 1112 (9th Cir. 2003) (noting that cases do not need to claim specific Medicare benefits’ or reimbursements to arisé under Medicaré). As in Ringer, when' a claim is ultimately one for benefits under the Medicare Act, Medicare Act jurisdiction applies. Ringer, 466 U.S. at 614-17, 104 S.Ct. 2013.

The lengthy experience with the Social Security Act also guides Medicare Act jurisdiction

The Social Security Act jurisdictional provisions are incorporated into the Medicare Act. We have found no case where a settlement of Social Security benefits was removed from the jurisdiction of the district court.[4]
Conclusion
These holdings, that the Court of Federal Claims does not have jurisdiction of a fully executed Medicare settlement, resolve the question of whether the Court of Federal Claims has jurisdiction of a proposed, non-executed settlement. The Medicare Act dictates the path of judicial review of Medicare claims, whether the review is of a denied claim, or a proposal to settle, a claim. •
Prime Hospitals’ claim arises under the Medicare Act, whether viewed as an appeal of denied reimbursement, or as related to the proposed settlement terms for eligible claims. Precedent reinforces that this case belongs in the district court. From my colleagues’ contrary, conclusion, I respectfully dissent.

. The jurisdictional inquiry is not whether a valid contract was pleaded, but whether the issues in dispute are preempted by the jurisdictional provision of the Medicare Act. It is not disputed that this action arises under the Medicare Act, as the pleadings state, citing 42 U.S.C. §§ 1395ff(b)(1)(A) and 405(g). J.A. 40. The panel majority now bifurcates this appeal, assigning some aspects of the denied Medicare claims to the Court of Federal Claims, while returning other aspects to the district court; that is, returning the requests for declaratory, injunctive, and mandamus relief regarding adjudication of the denied claims. Aside from valid concerns of judicial economy, these claims relate to the same denied claims and are brought under the same review provisions of the Medicare Act, and Prime Hospitals’ requested remedy is the receipt of compensation for provided services under the proposed Medicare settlement that the government refused to accept or ratify. J.A. 40, 43.

. The court states at its footnote 2 that "the parties do not dispute" that "a government representative ... entered or ratified the agreement.” That is incorrect. This dispute arose because the government representative refused to enter or ratify the proposed settlement agreement. This refusal was explicit, the Medicare representative stating that the Prime Hospitals were no longer able to participate in the proposed settlement because the agency “has been made aware of one or more ongoing False Claims Act case(s) or investigation(s) involving the facilities.” J.A. 37. The Secretary continues to assert the absence of a valid contract in this appeal. See Appellee’s Br. 9 (stating that "HHS had never signed the settlement agreement, meaning that the government had never assented to the purported deal.”).

. The legislative history of. the Medicare Act shows that Congress considered, and rejected, concurrent jurisdiction in the Court of ■Claims. The rejected provision stated, "The .district courts of the United States shall have original jurisdiction, concurrent- with the Court of Claims,, of any civil action or claim of a carrier, a provided [sic] of services, or a State against the United States founded upon this Act,” H.R. 4351, 89th Cong. § 341 (1965). The clear intent of Congress to place jurisdiction in the district courts, through its repudiation of an attempt to place jurisdiction in the Court of Claims, should be respected.

. The majority states at its footnote 2 that the question before the Court of Federal Claims is whether the proposed settlement agreement meets the Federal Rule 12(b)(6) standard of stating a claim on which relief can be granted, That is not the issue of jurisdiction in this case. The issue is not whether there is an enforceable settlement agreement; the issue is whether the Medicare Act’s assignment of jurisdiction to the district court includes the issues raised on this denial' of reimbursement,