NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL SACKEY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1934

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01223-MHS, Chief Judge Matthew H. Solomson.

---

Decided:  April 16, 2026

---

SAMUEL SACKEY, Adelanto, CA, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE, FRANKLIN E. WHITE, JR.

---

Before PROST, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

Mr. Samuel Sackey sued the United States in the United States Court of Federal Claims seeking a whistleblower award under an anti-money laundering statute, 31 U.S.C. § 5323. The Claims Court dismissed Mr. Sackey's complaint for lack of jurisdiction. We affirm.

BACKGROUND

Mr. Sackey worked at JPMorgan Chase & Co. as a Global Financial Crime Compliance Officer. Between August 2023 and January 2024, while an employee of JPMorgan Chase, Mr. Sackey provided whistleblower information to the Financial Crimes Enforcement Network ("FinCEN") of the U.S. Department of the Treasury ("Treasury"). The information related to alleged deficiencies in JPMorgan Chase's financial crime transaction monitoring system. In August 2023, FinCEN advised Mr. Sackey that it was tracking the matter.

Between March and May of 2024, the government initiated three enforcement actions against JPMorgan Chase. J.A. 7; J.A. 21–40. The enforcement actions resulted in substantial civil monetary penalties against JPMorgan Chase. J.A. 16; J.A. 26; J.A. 36. In June 2024, Mr. Sackey submitted a request to FinCEN asserting entitlement to a monetary award under FinCEN's whistleblower program. FinCEN informed Mr. Sackey that "a response to and/or disposition of" his application for an award "may not occur until after the promulgation of program regulations." J.A. 7.

In August 2024, Mr. Sackey filed suit against Treasury in the United States Court of Federal Claims ("Claims Court"). His complaint alleged that the Claims Court had subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491. The complaint also alleged that the money-mandating source of law for section 1491(a)(1) jurisdiction was an anti-money laundering statute, 31 U.S.C. § 5323(b). His

complaint alleged that he provided information to FinCEN that resulted in successful enforcement actions against JPMorgan Chase. As a result, he alleged that pursuant to 31 U.S.C. § 5323(b)(1), he is entitled to ten to thirty percent of the total penalty amount of $448,167,980 charged to JPMorgan Chase, or $44,000,000 to $134,000,000.

The government moved to dismiss Mr. Sackey's complaint for lack of subject matter jurisdiction. The Claims Court granted the motion and dismissed the complaint. J.A. 6–13. The Claims Court concluded that although the anti-money laundering statute that Mr. Sackey relied on, 31 U.S.C. § 5323, is "money-mandating" for purposes of Tucker Act jurisdiction, the statute's administrative and judicial review scheme of relief displaces the Claims Court's jurisdiction. J.A. 9–13.

Mr. Sackey appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

We review de novo the Claims Court's dismissal of a complaint for lack of jurisdiction. *Winnemucca Indian Colony v. United States*, 156 F.4th 1339, 1346 (Fed. Cir. 2025). We also review de novo the legal determinations of the Claims Court, including its interpretation of statutes. *Adkins v. United States*, 960 F.3d 1352, 1361 (Fed. Cir. 2020).

## DISCUSSION

The issue before us is whether the Claims Court has jurisdiction over Mr. Sackey's claim that Treasury improperly denied him a whistleblower monetary award under 31 U.S.C. § 5323.

## I.

Section 5323 is an anti-money laundering statute, introduced in its current form by the Anti-Money Laundering Act of 2020 and amended by the Anti-Money Laundering

Improvement Act of 2022.[1]  In general, section 5323 provides a whistleblower program that offers incentives and protection to individuals who provide information about violations of financial laws, here the Bank Secrecy Act.  *See generally* 31 U.S.C. § 5323.  In relevant part, the statute provides that the Secretary of Treasury ("Secretary") is required to pay an award to whistleblowers who voluntary provide information that led to monetary sanctions exceeding $1,000,000 against entities deemed to have violated the law.  *Id.* §§ 5323(a), (b).  A whistleblower's award can be significant, between ten and thirty percent of the total amount sanctioned in an enforcement action.  *Id.* § 5323(b).  Determinations on "whether, to whom, or in what amount to make awards, shall be in the discretion of the Secretary."  *Id.* § 5323(f)(1); *see also id.* § 5323(c)(1)(A).  The "criteria" for determining the amounts of these awards include the significance of the information provided by the whistleblower, the degree of assistance provided by the whistleblower, Treasury's interest in deterring violations, and additional factors to be established by regulation.  *Id.* § 5323(c)(1)(B).

The statute authorizes the Secretary "to issue such rules and regulations as may be necessary or appropriate to implement the provisions of [section 5323] consistent with the purposes of [that] section."  *Id.* § 5323(i).  The Secretary, however, has not promulgated any rules or regulations directed to the FinCEN program and, as a result, has not made any awards.  FinCEN has asserted that awards

---

[1]    These acts were enacted into law as parts of the National Defense Authorization Act and the Consolidated Appropriations Act, respectively.  National Defense Authorization Act of 2021, Pub. L. No. 116-283, 134 Stat. 4598–603; Consolidated Appropriations Act of 2023, Pub. L. No. 117-328, 136 Stat. 5536–38.

will be forthcoming once it promulgates necessary regulations.[2]

## II.

The government argues that the Claims Court's Tucker Act jurisdiction is preempted by section 5323. We agree.

Generally, the Claims Court's jurisdiction is provided in the Tucker Act, 28 U.S.C. § 1491. The Tucker Act waives the government's sovereign immunity "for certain damages suits" against the government. *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020). This includes, pursuant to section 1491(a)(1), monetary relief on claims against the government brought under "money-mandating statutes." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). Section 1491(a) of the Tucker Act does not create a substantive cause of action, and it requires a plaintiff to base its suit on a separate money-mandating law. *Id.* Here, Mr. Miller relies on 31 U.S.C. § 5323 as that separate money-mandating law.

We agree with the Claims Court that 31 U.S.C. § 5323 is a money-mandating statute.[3] A statute is money mandating "if it can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Maine Cmty.*, 590 U.S. at 322 (citation modified). Section 5323 meets that requirement. The statute

---

[2] *See* https://www.fincen.gov/whistleblower-program ("FinCEN plans to publish a regulation to fully implement 31 U.S.C. § 5323, as amended by the Anti-Money Laundering Act of 2020 and the Anti-Money Laundering Whistleblower Improvement Act, 2022. Once that regulation is finalized, FinCEN will begin processing and paying awards.").

[3] The government argued that section 5323 is not money-mandating before the Claims Court, J.A. 11, but it does not raise this on appeal.

requires the government to pay monetary awards when certain statutory requirements are met.    31 U.S.C. § 5323(b)(1)   ("[T]he    Secretary . . . shall    pay    an award . . . .").  The statute identifies the amount to be paid, and provides criteria for determining the precise amount within that range.  *Id.* § 5323(b)(1), (c)(1).  "The fact that the Secretary retains some discretion to determine the amount of an award, within prescribed limits, does not preclude the statute from being money mandating." *Doe v. United States*, 100 F.3d 1576, 1582 (Fed. Cir. 1996).

But the Claims Court's jurisdiction over claims based on money-mandating statutes is not absolute.  It is established that "statutory schemes with their own remedial framework exclude alternative relief under the general terms of the Tucker Act."  *United States v. Bormes*, 568 U.S. 6, 13 (2012); *accord Hinck v. United States*, 550 U.S. 501, 506 (2007).  In *St. Vincent's*, for example, we held "[b]ecause the Medicare Act contains its own comprehensive administrative and judicial review scheme, there is no Tucker Act jurisdiction over Medicare reimbursement claims."    *St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 549–50 (Fed. Cir. 1994).  And in *Vereda*, we held the Claims Court's jurisdiction was "preempted" when the "statutory scheme established by the Controlled Substances Act provides complete administrative review by DEA and judicial review in district court." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001).

Here, section 5323 provides its own comprehensive administrative and judicial review scheme.  Subsection (f) establishes the framework for "appeals."  31 U.S.C. § 5323(f). It provides that the Secretary has discretion to decide "whether, to whom, or in what amount to make awards." *Id.* § 5323(f)(1). Appeals from these determinations, except the determination of the amount of an award if the award complies with the provisions of the statute, "may" be brought to the "appropriate court of appeals of the United States not more than 30 days after the determination is

issued by the Secretary." *Id.* § 5323(f)(2)(A). The statute also provides its own standard of review for the appeal. *Id.* § 5323(f)(2)(B) (citing 5 U.S.C. § 706). That standard of review provides, for example, that the reviewing court shall "set aside agency action, findings, and conclusions" found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2).

Because section 5323 provides its own administrative and judicial review process, it preempts the Claims Court's jurisdiction even though section 5323 is a money-mandating statute. Thus, the Claims Court lacks authority to grant the monetary relief that Mr. Sackey seeks.

The Claims Court also lacks jurisdiction over Mr. Sackey's prayer for injunctive or declaratory relief. The Claims Court cannot order Treasury to issue regulations or rule on Mr. Sackey's whistleblower claim because it generally lacks jurisdiction over claims seeking injunctive or declaratory relief. *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 999 (Fed. Cir. 2017). We have considered Mr. Sackey's remaining arguments and find them without merit.

### CONCLUSION

We affirm the Claims Court's dismissal of Mr. Sackey's complaint for lack of jurisdiction.

## AFFIRMED

### COSTS

No costs.